## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 13-08-CMR** |
| **v.** | : | |
| **VICTOR TIRADO** | : | |

### DEFENDANT, VICTOR TIRADO'S, SENTENCING MEMORANDUM

On November 17, 2015, Victor Tirado (hereinafter referred to as Tirado) appeared before this Court and entered pleas of guilty to Counts Two, Ten, and Twelve of the Indictment. The aforementioned Counts related to Tirado making false claims in violation of 18 U.S.C. §287 and the aiding and abetting of same in violation of 18 U.S.C. §2. The crimes involve Tirado's assisting in the presentation of false or fraudulent claims to the Internal Revenue Service, a Department of the United States Government, in an effort to obtain funds. At the time these submissions were made, Tirado knew them to be false.

On February 18, 2016, when Tirado appears before the Court again for the purposes of sentencing as a result of the aforementioned plea, he will be thirty nine (39) years of age. The defense agrees with the determinations made by Megan A. Maier, the United States Probation Officer assigned to the preparation of the Presentence Investigation Report (hereinafter referred to as PSR), whereby Tirado has a Criminal History Category of III and a total Offense Level of 10. The guideline imprisonment range for same is 10-16 months. See PSR Paragraphs 34 at Page 7; 27 at Page 7; and 66 at Page 14.

Tirado has been incarcerated since the revocation of his prerelease conditions on July 23, 2015 to the present, or a period of seven months. In reality, Tirado has

Case 2:13-cr-00008-CMR Document 107 Filed 02/12/16 Page 1 of 5

been under the restrictive terms and conditions of house arrest since January 22, 2013 with the exception of the time that he was released to Bowling Green Brandywine, an inpatient treatment facility located in Kennett Square, Chester County, Pennsylvania. He was a patient at that facility, from April 16, 2013 to May 13, 2013.

The Court is well aware of the psychological issues and diagnosis provided by Dr. Jeffrey E. Summerton in two separate reports prepared on March 10, 2013 and December 14, 2015. Because this document is of public record, there is no need to set forth in entire detail the findings and determinations of Dr. Summerton. Since there have been hearings relative to same, this Court is acutely cognizant of the psychological and addictive issues that confront Tirado.

Due to Tirado's length of present incarceration and the terms and conditions of his house arrest under which he has been constrained for two and a half years, the defense urges the Court to impose a sentence of time served. A sentence of that ilk would more than comply and meet the "parsimony provision" of 18 U.S.C. §3553(a), to wit the imposition of a sentence that is sufficient but not greater than necessary to comply with the edicts of the aforementioned statute. To a great degree, the defense is aware of this Court's sentiments as to the needs and future of this individual having been before it on those prior occasions where the possibility for treatment was reviewed and discussed at length.

There is no need to set forth in exhaustive detail the mandates of **Rita v. United States**, 551 U.S. 338 (2007) and **United States v. Ricks**, 494 F.3d. 394 (3rd Cir. 2007)

Case 2:13-cr-00008-CMR Document 107 Filed 02/12/16 Page 2 of 5

as it is known that this Court is fully familiar with same and the sentencing process that it needs to go through in arriving at what it deems is the appropriate result. It is further acknowledged that a sentencing of a fellow person is and has to be the most difficult task imposed upon a court in carrying out its duties. However, it is suggested to the Court that under these circumstances and the history of this particular individual, it is self evident as to what type of sentence and the length thereof that should be imposed; hence, easing in some fashion what mechanisms this Court must go through when it ultimately renders the sentence herein.

There is no question that Victor Tirado violated the law. To a large degree, it was due to his unfailing support and admiration of his brother that led him down this particular path. That same basis further complicates itself when he attempted to protect his brother from the probing eyes of the criminal investigation. When one looks at the evaluations as compiled by Dr. Summerton, conduct exhibited by Tirado both pre and post arrest were not to be unexpected based on the psychological issues from which he suffers.

The crime committed was a serious one. However, it would not further society's interest in any fashion to keep Tirado incarcerated further. There are far more than official and restorative treatment and facilities which could address Tirado's needs at this point in time as directed for consideration in §3553 (a)(2)(D) then simply keeping him further warehoused.

3

Case 2:13-cr-00008-CMR Document 107 Filed 02/12/16 Page 3 of 5

## CONCLUSION

In the words of La Rochefouchauld, *Maxines,* 1665, "The greatest of all gifts is the power to estimate things at their true worth." This Court is in the unique position of having supervised Victor Tirado for a period of a little over three years. It has requested two psychological evaluations of him spanning two and a half years between each. It is with that factual background, the defense believes that this Court will conclude that sentencing Victor Tirado to any more time of incarceration serves no real useful purpose and to some degree, is contrary to the mandates of § 3553(a). The Court will have the opportunity to continue its supervision of this individual while he is on supervised release under the auspices of the United States Probation Office for the period of time as designated by the Court.

Respectfully submitted,

*Thomas A. Bello by Christopher G. Furlong*

*Christopher G. Furlong*

**THOMAS A. BELLO, ESQUIRE**
**CHRISTOPHER G. FURLONG, ESQUIRE**
**COUNSEL FOR DEFENDANT,**
**VICTOR TIRADO**

4

Case 2:13-cr-00008-CMR   Document 107   Filed 02/12/16   Page 4 of 5

## CERTIFICATE OF SERVICE

I, **CHRISTOPHER G. FURLONG, ESQUIRE**, counsel for the Defendant, **VICTOR TIRADO**, hereby certify that I served a true and correct copy of Defendant's Sentencing Memorandum upon the following, and in the following manner:

**Via ECF Filing and Email:**

Ashley K. Lunkenheimer, Esq., AUSA
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Ashley.lunkenheimer@usdoj.gov

Megan A. Maier- United States Probation Officer
Eastern District of Pennsylvania
600 Arch Street, Suite 2400
Philadelphia, PA 19106
megan_maier@paep.uscourts.gov

**Via Mail:**

Victor Tirado
ID #68888-066
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19106

**February 12, 2016**
**DATE**

CHRISTOPHER G. FURLONG, ESQUIRE
COUNSEL FOR DEFENDANT,
VICTOR TIRADO

Case 2:13-cr-00008-CMR  Document 107  Filed 02/12/16  Page 5 of 5